No. 18,053.

ROCKY MOUNTAIN METROPOLITAN RECREATION DISTRICT *v.* CHARLES F. HIX, ET AL.

(316 P. [2d] 1041)

Decided October 28, 1957.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. HERBERT F. MILLER, for plaintiff in error.

Mr. ROBERT M. McCREARY, for defendants in error.

*In Department.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error will hereinafter be referred to as the District; defendants in error as petitioners or by name.

Pursuant to chapter 199 of the 1955 Session Laws, The Rocky Mountain Metropolitan Recreation District was formed, and two parcels of land owned by the Hix's and Beulah Blair were included within the boundaries of the District without their consent. Petitioners brought an action in the district court to have their land excluded from the District. They allege that each of the two tracts owned by them was in excess of forty acres; that the land was used primarily for agricultural purposes; that the land was included in the District without the consent of the owners. They requested that the land be excluded from the District.

The lower court granted relief to the petitioners as prayed for in their complaint. Motion for new trial filed by the District was denied, and the District is here on writ of error.

The section of chapter 199 of the 1955 Session Laws (C.R.S. '53, 1955 Cumulative Supplement, 89-12-8) under which petitioners sought relief is as follows:

"Section 8. —Exclusion proviso—Any provision to the contrary notwithstanding, no tract or parcel of real estate used for manufacturing, mining, railroad or industrial purposes, which, together with the buildings, im-

provements, machinery and equipment thereon situated, shall have an assessed valuation in excess of twenty-five thousand dollars at the date of filing the petition mentioned in section 4, or any tract of *farm or ranch land of forty acres or more used primarily for agricultural purposes,* shall be included in any district organized under this act without the written consent of the owners thereof. No personal property shall be included within any district which is situated upon real estate not included in such district. If, contrary to the provisions of this section, any tract, parcel or personal property is included in any district, the owners thereof, on petition to the court having jurisdiction, shall be entitled to have such property excluded from the district free and clear of any contract, obligation, lien or charge to which it may or might have been liable as a part of the district." (Emphasis supplied.)

▇ The sole question to be determined is whether both parcels of the Hix's land are "farm or ranch land * * *. used primarily for agricultural purposes." We affirm the judgment of the trial court and hold that the parcels of land came within the exclusion provision of the statute.

The testimony offered was that one of the tracts has been leased as pasture land for fifteen years for $30.00 per year. The lessee was obligated to maintain the fences. The county assessor lists the land as grazing land. Among other witnesses, was the supervisor of the Roosevelt National Forest. He had, in fact, not been on the property. He expressed his opinion that the land was "non-usable, as far as the grazing mentioned was concerned." His testimony revealed that he had only a general familiarity with the vicinity of the land. There was evidence that the land was most suitable for sub-dividing; that "possible" classifications for use of the land are home sites, suburban tracts, meadow lands and grazing lands. The other tract, although described separately, adjoins the leased land, produces no income, is

not fenced, has no improvements, but lessee's cattle graze on this tract also.

█ Viewed in the light most favorable to the District, the testimony was conflicting. The trial court resolved the evidence in favor of the petitioners. There is ample evidence to support its findings and conclusions. We will not disturb them. We have adhered to the principle that the findings of a trial court based on conflicting testimony will not be disturbed so many times that citations on that point are no longer necessary.

The testimony, in its entirety, reveals that the *only use* to which the land in question has ever been put, or is now being put, is "agricultural." Testimony as to suitability of the land for subdividing or for mountain cabin sites and the like, does not change the character of its use. A sole use is certainly a primary use. In *Zeigler v. People,* 109 Colo. 252, 124 P. (2d) 593, this court said:

" * * * the term 'agriculture' includes the rearing, feeding and management of livestock. *Davis v. Industrial Commission,* 59 Utah 607, 206 Pac. 267, 2 C. J. p. 988, §1. Webster defines 'agriculture' as: 'The art or science of cultivating the ground * * * including also feeding, breeding and management of livestock.' See, also *DeFontenay v. Childs,* 93 Mont. 480, 19 P. (2d) 650, *Melendez v. Johns,* 51 Ariz. 331, 76 P. (2d) 1163, and *Hight v. Industrial Commission,* 44 Ariz. 129, 34 P (2d) 404, all holding that the term 'agriculture' includes the raising of livestock."

It would appear then that fifteen years use of the land as grazing land has contributed in some part to the feeding, breeding and management of the cattle thereon. Range-fed livestock comprises a goodly share of the state's over-all production. The grazing of livestock on uncultivated lands is just as much agriculture as fattening them in feed lots.

The judgment is affirmed.

320

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE SUTTON concur.